UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

MARIA GARCIA HERNANDEZ,            )
                                   )
            Plaintiffs,            )   Case No.  2:14-cv-01493-JCM-CWH
                                   )
vs.                                )   **ORDER**
                                   )
CASE PETER VANVEEN, et al.,        )
                                   )
            Defendants.            )
_____)

This matter is before the Court on Defendants' Emergency Motion to Quash Plaintiff's Unilaterally Serviced Subpoena (#31), filed February 2, 2015; Plaintiff's Response (#34), filed February 3, 2015; and Defendants' Reply (#35), filed February 4, 2015.

## BACKGROUND

This matter was removed on September 15, 2014, based on diversity under 28 U.S.C. § 1332. (#1). Plaintiff seeks damages for injuries sustained when involved in an automobile accident allegedly caused by the negligence of Defendant Case Peter Vanveen. Plaintiff alleges causes of action for (1) negligence, (2) negligence per se, (3) negligent entrustment, (4) negligent hiring, and (5) negligent training/supervision.

Defendants seek an order quashing Plaintiff's Rule 45 subpoena *duces tecum* served on Rule 35 examiner Dr. Derek Duke because it was not served properly under Rule 45, seeks privileged information, and seeks information protected under the attorney work product doctrine. Defendants also seek disqualification sanctions against Plaintiff's counsel for "unilaterally and covertly and intentionally seeking privileged information." In response, Plaintiff acknowledges that the Rule 45 subpoena was inadvertently not served on Defendants. Plaintiff further argues that the information it received in response to the subpoena was neither privileged nor protected as attorney work product.

## DISCUSSION

The subpoena in question clearly, and admittedly, violates the procedural requirements of

Rule 45 and will be quashed. Federal Rule of Civil Procedure 45 provides as follows: "If the subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, then **before** it is served on the person to whom it is directed, a notice and copy of the supboena **must** be served on each party." Fed. R. Civ. P. 45(a)(4) (emphasis added). Plaintiff's counsel admits that he did not provide notice and a copy of the subpoena to Defendants prior to serving it. Further, the subpoena itself references Nevada Rule of Civil Procedure 45(c), not the Federal Rules. This matter is proceeding in federal court. Reference to the Nevada rules of civil procedure is inappropriate absent accepted authority that the Nevada rules apply, which they do not in this instance.

The Court will not, at this time, sanction or disqualify Plaintiff's counsel. The subpoena, however, is quashed. To the extent Plaintiff received any information in response thereto, all originals must be returned to Dr. Duke. Plaintiff shall destroy all copies of any information received in response to the improper subpoena, but is not precluded from reissuing a proper subpoena and serving it in the appropriate manner. Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Emergency Motion to Quash Plaintiff's Unilaterally Serviced Subpoena (#31) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff shall return all originals of any and all information received in response to the subpoena back to Dr. Duke. Plaintiff is further directed to destroy any and all copies of information received in response to the subpoena. Plaintiff is directed to submit a notice by May 12, 2015 indicating compliance with this order. Failure to comply with this order will result in sanctions.

DATED: May 5, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**