# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| MARIA GARCIA HERNANDEZ, ) <br> ) <br> Plaintiffs, ) <br> ) <br> vs. ) <br> ) <br> CASE PETER VANVEEN, et al., ) <br> ) <br> Defendants. ) <br> ) | Case No. 2:14-cv-01493-JCM-CWH <br><br> **ORDER** |

This matter is before the Court on Plaintiff's Emergency Motion to Compel Discovery Responses (#20), filed January 14, 2015; Defendants' Response (#29), filed February 2, 2015; and Plaintiff's Reply (#33), filed February 3, 2015.

## BACKGROUND

This matter was removed on September 15, 2014, based on diversity under 28 U.S.C. § 1332. (#1). Plaintiff seeks damages for injuries sustained when involved in an automobile accident allegedly caused by the negligence of Defendant Case Peter Vanveen. Plaintiff alleges causes of action for (1) negligence, (2) negligence per se, (3) negligent entrustment, (4) negligent hiring, and (5) negligent training/supervision.

Plaintiff seeks an order compelling responses to discovery requests. It is Plaintiff's contention that Defendant VanVeen failed to submit to an alcohol and controlled substances test as mandated by federal regulation. It appears that, after reviewing a response to a request for production, Plaintiff demanded that Defendant VanVeen execute an authorization to obtain a report from the Nevada Prescription Monitoring Program, but that request was refused. Plaintiff does not identify any specific discovery wherein a request to execute an authorization was made, relying solely on the email demand. *See* Pl's Mot. (#20) at 2:23-26; *see also* Ex. 7 attached to Mot. (#20). Additionally, Plaintiff notes that she "propounded written discovery seeking identification of

medical providers and production of medical records[,]" but has been unable to get Defendants to agree to the relevance of the medical information or execute multiple authorization to obtain medical records. Plaintiff's counsel indicates that he twice attempted to resolve the alleged discovery impasse with opposing counsel absent court intervention, but to no avail. Characterizing it as a "fishing expedition," Defendants request the motion to compel be denied because (1) the demand to execute an authorization to obtain a report from Nevada Prescription Monitoring Program was not properly made, and (2) the information sought is not relevant.

## DISCUSSION

Plaintiff's motion is captioned as a motion to compel discovery responses. Unfortunately, the specific discovery requests and responses are not set forth. *See* Local Rule 26-7(a) ("All motions to compel discovery or for protective order shall set forth in full the text of the discovery originally sought and the response thereto, if any."). Plaintiff has attached most of her discovery requests as exhibits, but does not point to any specific discovery request that is deficient, instead broadly proclaiming entitlement to discovery because it is relevant under Fed. R. Civ. P. 26(b)(1).

Motions to compel discovery responses are governed by Rule 37, not Rule 26(b)(1) (which provides the general scope of discovery). Rule 37 provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." *See* Fed. R. Civ. P. 37(a)(1). It specifically permits "[a] party seeking discovery" to "move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P. 37(a)(3)(B). Such a motion may be made (1) for failure of a deponent to answer a question asked under Rule 30 or 31; (2) failure of a corporation or other entity to make a designation under Rule 30(b)(6) or 31(a)(4); (3) failure of a party to answer a Rule 33 interrogatory; or (4) failure to respond to Rule 34 request. Fed. R. Civ. P. 37(a)(3)(B)(i)-(iv).

Plaintiff's request that the Defendant VanVeen execute an authorization permitting Plaintiff to obtain a report from the Nevada Prescription Monitoring Program is not the subject of a specifically identified, formal discovery request . Plaintiff concedes that the request was made in an email between counsel. To be sure, the Court reviewed the voluminous formal discovery attached, but cannot find where the request was made in a manner consistent with the civil rules.

The only request appears to be the request made via email. *See* Exhibit 7 to (#20). The Court is unaware of any authority for the proposition that it may compel compliance with a discovery request made via email. To the extent such authority exists, it is incumbent on the party making such a request to provide it. Moreover, to the extent Plaintiff seeks to compel Defendant VanVeen to sign authorizations for either the prescription report or medical records, such a request is not appropriate. *See Powell v. Texvans, Inc.*, 2010 WL 4791507 (D. Nev.) (citing *Clark v. Vega Wholesale, Inc.*, 181 F.R.D. 470 (D. Nev. 1988)); *see also Lopez v. Cardenas Markets, Inc.*, 2011 WL 4738111 (D. Nev.) (a party may not be compelled to execute an authorization for release of his medical records from third party providers).

Federal Rule of Civil Procedure 37(a)(5)(B) provides that a court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." Such an award is not appropriate if "the motion was substantially justified or other circumstances make an award of expenses unjust." In light of the foregoing, Defendants are invited to submit a motion for reasonable expenses, including attorney's fees, for having to oppose this motion.

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Emergency Motion to Compel Discovery Responses (#20) is **denied**.

**IT IS FURTHER ORDERED** that Defendants shall have until May 21, 2015, to file a motion for fees incurred for having to oppose this motion. Plaintiff's response, including any argument that this motion was substantially justified or an award of expenses would be unjust, is due on or before June 1, 2015.

DATED: May 7, 2015.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**