1
2
3                    **UNITED STATES DISTRICT COURT**
4                         **DISTRICT OF NEVADA**
5
6    MARIA GARCIA HERNANDEZ,              )
                                          )
7                    Plaintiffs,          )    Case No.  2:14-cv-01493-JCM-CWH
                                          )
8    vs.                                  )    **ORDER**
                                          )
     CASE PETER VANVEEN, et al.,          )
9                                         )
                     Defendants.          )
10   _____  )

11          This matter is before the Court on Plaintiff's Motion to Strike (#15), filed December 29,

12   2014; Defendants' Response (#22), filed January 15, 2015; and Plaintiff's Reply (#25), filed

13   January 16, 2015.  The Court conducted a hearing on January 22, 2015, wherein Defendants'

14   counsel was invited to file supplemental briefing, which he did on January 30, 2015.

15                              **BACKGROUND**

16          This matter was removed on September 15, 2014, based on diversity under 28 U.S.C. §

17   1332.  (#1).  Plaintiff seeks damages for injuries sustained when involved in an automobile

18   accident allegedly caused by the negligence of Defendant Case Peter Vanveen.  Plaintiff alleges

19   causes of action for (1) negligence, (2) negligence per se, (3) negligent entrustment, (4) negligent

20   hiring, and (5) negligent training/supervision.

21          Plaintiff seeks an order striking Rule 35 examiner, Dr. Derek Duke ("Duke").  The basis of

22   the motion is that Duke conducted himself in a manner during the Rule 35 examination

23   demonstrating that he is unfairly biased and prejudiced against Plaintiff.  She contends that Duke

24   asked a series of questions more appropriate for deposition than a Rule 35 examination, including:

25          1.  Whether Plaintiff knew the person driving in front of her vehicle?

26          2.  How Plaintiff was referred to her attorney?

27          3.  If Plaintiff had a prior relationship with her attorneys before the subject incident?

28          4.  How Plaintiff was referred to her treating chiropractor?

According to Plaintiff, the foregoing questions serve no medical purpose, have no evidentiary

support, and would be inadmissible at trial.  In order to avoid opening the door into this line of

questioning at trial, the only viable remedy is to strike Duke and the report.

Defendants oppose the motion, arguing that Plaintiff has failed to establish a legitimate

basis to strike Duke.  Defendant notes that Plaintiff does not dispute that Duke is qualified to

conduct a Rule 35 exam and issue an examination report.  Defendant concedes that Duke asked

Plaintiff (1) how she was referred to her treating chiropractor and (2) if she knew the person driving

in front of her vehicle, but contends that such questions were appropriate to ensure he had all of the

relevant medical history and to fully understand how the incident occurred.  Defendant denies Duke

asked Plaintiff any questions regarding her relationship with her counsel.  Even assuming he did so,

Defendants contend that none of the questions had any impact on Duke's opinion.  Because any

responses did not have an impact on Duke's ultimate opinion, Defendants contend the motion is

moot.  To the extent the motion is not moot, Defendants contend the relief would be to challenge

credibility during cross-examination at the appropriate time or through a motion *in limine*, not

strike Duke altogether.

Plaintiff submitted a 300-page reply, inclusive of all exhibits.  The general premise of the

reply mirrors that of the motion – Duke lacks independence and has a demonstrated practice of

being unfairly biased and prejudiced against plaintiffs.  Plaintiff includes new arguments and new

exhibits in her reply, including that the police report "tells a much different story" than that

expressed by Duke in the Rule 35 examiner's report.  Plaintiff also attaches several exhibits

purporting to show that Duke has been rebuked, admonished, and stricken several times in Nevada

state court.  Again, Plaintiff contends that neither cross-examination nor a motion *in limine* is

adequate to remedy the alleged harm, leaving "no alternative" but to strike Duke.

The Court held a hearing on January 22, 2015.  The tenor of the arguments from each side

was consistent with that presented in the briefing.  Plaintiff's counsel alleged that Duke "has shown

his bias, prejudice, and that he is an advocate both in his [Rule 35] report and his pattern and

practice . . . . and it [is] important to remember . . . [t]his is a Rule 35 examiner who is supposed to

be independent in nature, as opposed to a Rule 26 expert."  *See* Transcript (#27) at 3:16-23.

Plaintiff continued to argue that a Rule 35 examination should be "divested of any adversarial

2

character" because the examiner is an officer of the court.  Plaintiff's counsel, relying on an opinion authored by Magistrate Judge Foley in *Pham v. Wal-Mart Stores, Inc.*, 2012 WL 1957987 (D. Nev.), argued that a Rule 35 examiner who engages in providing improper, inflammatory opinions may be barred from performing a Rule 35 examination.  Plaintiff reiterated her argument that the Rule 35 examiner's report demonstrates Duke to be antagonistic, biased, and irrevocably prejudiced against her and plaintiffs generally.  For their part, Defendants reiterated their written arguments and characterized the entire motion as a concerted effort to discredit Duke, who is a frequent expert on defense issues in the state of Nevada.[1]

## **DISCUSSION**

The Court declines to strike the Rule 35 examiner or his report at this point in the case. Rule 35 authorizes a court to "order a party whose . . . physical condition . . . is in controversy to submit to a physical . . . examination by a suitably licensed or certified examiner."  Fed. R. Civ. P. 35(a)(1).  As occurred here, Rule 35 examinations are frequently conducted upon agreement by the parties.  Though commonly referred to as an "independent medical examination" (IME), there is nothing in the rule requiring the examiner to be "independent" or unconnected to an adverse party. Indeed, "Rule 35 [examinations] often arise in the context of developing expert testimony for trial with the expert witnesses then subject to the discovery obligations of Rules 26 and 30."  *Lopez v. City of Imperial*, 2014 WL 232271 (S.D. Cal.).  It is often, though not always, the case that a Rule 35 examiner also serves as a Rule 26 expert.  Certainly, an opposing party may depose a Rule 26 expert who also conducted a Rule 35 examination.  It is equally certain that an opposing party may depose a Rule 35 examiner who also serves as a "retained or specially employed" non-testifying expert.  *See* Fed. R. Civ. P. 26(b)(4)(D).[2]

---

[1] Defendants also requested additional time to respond to the *Pham* case cited by Plaintiff, which was granted.  A surreply was filed on January 30, 2015, and has been reviewed.

[2] It is unclear whether Duke, identified as a "retained or specially employed" non-testifying expert by Defendants, will also serve as a Rule 26 testifying expert.  The deadline for Rule 26 expert disclosures is August 2, 2015 for initial designations and September 9, 2015 for rebuttal experts.  Even if Duke is not so designated, he is not immune from deposition or being called to testify at trial.  *See e.g. Downs v. River City Group, LLC*, 288 F.R.D. 507 (D. Nev. 2013).

1    The Court agrees with the general proposition cited by Plaintiff that a Rule 35 examiner

2    should conduct an examination in as non-adversarial a manner as possible.  *See c.f. Ocean Carriers*

3    *Corp. v. Nacirema Operating Co., Inc.*, 26 F.R.D. 595 (D. Md. 1960).[3]  However, the cases cited by

4    Plaintiff in support of her motion do not call for the drastic remedy proposed.  Indeed, each

5    counsels against such a remedy, showing that there are other, more appropriate remedies.  The

6    cases also call into question the timing of Plaintiff's motion in this instance, which comes <u>after</u> the

7    Rule 35 examination occurred and the report issued.  It is clear from the cases, the time to challenge

8    the examiner proposed to conduct a Rule 35 examination is before the examination, not after.

9    In *Pham v. Wal-Mart Stores, Inc.*, 2012 WL 1957987 (D. Nev.), the plaintiff opposed a

10   specific orthopedic physician identified by the defense to conduct a Rule 35 examination.  The

11   opposition came <u>prior</u> to the Rule 35 being ordered and conducted.  Like here, the plaintiff did not

12   dispute the appropriateness of the Rule 35 examination, bud did dispute the orthopedic physician

13   chosen by the defense to conduct the examination.  That objection came before, not after the

14   examination.  The general rule, as identified in *Pham*, is that a party moving for a Rule 35

15   examination may select the physician who conducts the exam.  *Id*. at *3.  The rule is not absolute,

16   as the court may reject a chosen physician if he or she is unqualified.  *Id.*  The *Pham* court noted,

17   however, that "[g]enerally . . . courts have rejected efforts by plaintiffs to disqualify a physician

18   based upon allegations of bias when those allegations are based on the fact that the physician

19   generally is retained by the defense side of a lawsuit."  *Id*. (citations omitted).  A court may,

20   nevertheless, "exclude evidence, including expert opinion testimony, that is irrelevant, or whose

21   probative value is substantially outweighed by the danger of unfair prejudice, confusion of issues or

22   of misleading the jury."  *Id*. at *4 (citing Fed. R. Evid. 402 and 403).  Ultimately, the court in *Pham*

23   rejected the attempt to prevent a Rule 35 examination by the chosen physician, despite assertions of

24

25   [3]  Notably, *Ocean Carriers* did not address the remedy offered by Plaintiff here but, rather, addressed the
26   issue of whether a plaintiff's counsel could be present during the course of Rule 35 examination.  In concluding
     that counsel could not be present, the Court noted that a plaintiff "is not left unprotected . . . . [i]f counsel is
27   concerned about the adequacy of the examination, he may time the examination, ask his own client questions
     about it, cross-examine the doctor, and of course, inspect the report which he is entitled to demand under Rule
28   35."  *Ocean Carriers*, 26 F.R.D. at 598.

1    potential bias "not necessarily being unfounded," because any opinions offered were subject to

2    cross-examination and attack at trial.  *Id.*

3         The same is true in *McKitis v. Defazio*, 187 F.R.D. 225 (D. Md. 1999), another case cited by

4    Plaintiff in support of her motion.  The challenge to the proposed examiner in *McKitis* also came

5    before the Rule 35 examination was ordered and conducted.  The challenge came without dispute

6    that the examination was appropriate.  It was based, in large part, on the allegation that the

7    proposed examiner was unfairly biased and prejudiced based on the volume of his prior work

8    giving testimony for defendants.  225 F.R.D. at 227.  The *McKitis* court declined to reject the

9    proposed examiner for bias or prejudice, finding the issues raised pertained to credibility, not

10   qualifications.  The court concluded, "[a]ny concerns . . . about the opinions expressed . . .

11   following [the Rule 35 examination] . . . can be addressed in a pretrial motion in limine[.]" *Id*.  The

12   court went on to find that if the examiner was called at trial, the plaintiff was free to cross-examine

13   him about matters reflecting bias or prejudice as well as introduce appropriate extrinsic evidence of

14   bias.  *Id*. at 228.[4]

15        Lastly, in *Wheat v. Biesecker*, 125 F.R.D. 479 (N.D. Ind. 1989), the court was called upon to

16   address the question of whether an attorney could attend a scheduled Rule 35 examination to

17   "safeguard" his client from improper questioning.  In rejecting the request, the court noted that

18   "[a]fter reviewing the medical report required by Rule 35(b), the plaintiff has the right to take the

19   deposition of [the Rule 35 examiner].  If it is determined that the doctor has question the plaintiff

20   improperly, that evidence may be <u>excluded at trial</u>."  125 F.R.D. at 480 (citations omitted)

21   (emphasis added).

22        Rule 35 and the cases cited by Plaintiff underscore the timing problem presented by

23   Plaintiff's current motion.  Although aware of the prior events calling into question Duke's

24   suitability, Plaintiff waited until after Defendants' chosen Rule 35 examiner conducted the exam

25

26        [4] Plaintiff also relied upon the *Ocean Carriers* case (see supra n. 3) in support of her motion, but it
27   identified the same timing issue, noting that "if the court concludes that a particular doctor cannot be trusted to
     make a fair examination, it may refuse the requested order or designate another doctor in whom the court has
28   confidence."  26 F.R.D. at 598.

and issued his report to challenge the examiner's suitability based on improper bias and prejudice. The challenge should have been made before the examination. Had it been, the Court would have considered whether Duke was suitable to conduct the examination in the first instance. The fact is, however, that the challenge was not made in a timely fashion, and the Court is not inclined to strike the examination and results thereof based on the alleged improper questioning, or by relying on bias and prejudice arguments that should have been raised prior to the examination. Moreover, the Court is not persuaded that striking Duke is the appropriate remedy in light of the multitude of opportunities remaining during the discovery period and before trial to test the credibility of Duke, his methods, and his results.[5]

Based on the foregoing and good cause appearing,

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (#15) is **denied**.

DATED: May 8, 2015.

**C.W. Hoffman, Jr.**
**United States Magistrate Judge**

---

[5] The Court notes that Plaintiff identified several instances where Duke's impartiality has apparently been called into question by the Nevada state courts. While perhaps, though not necessarily, relevant to the question of bias or prejudice before a Rule 35 examination, the orders offer very little of value here in evaluating Fed. R. Civ. P. 35.