UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIA GARCIA HERNANDEZ, ) | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cv-01493-JCM-CWH |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| CASE PETER VANVEEN, et al., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendant Case VanVeen's Request for Attorney's Fees and Costs (ECF No. 65), filed on May 21, 2015, and Declaration of Karen Bashor (ECF No. 66), filed May 21, 2015. The Court also considered Plaintiff Maria Garcia Hernandez's Response (ECF No. 67), filed on May 26, 2015, and VanVeen's Reply (ECF No. 72), filed June 5, 2015.

**BACKGROUND**

This matter involves a motor vehicle collision that occurred when Defendant VanVeen, while operating a commercial tractor-trailer, rear-ended a vehicle in which Plaintiff Hernandez was a passenger. On January 14, 2015, Plaintiff filed an Emergency Motion to Compel Discovery Responses. (ECF No. 20). The motion did not include the text of the requests and responses that were the subject of the motion, as required by LR 26-7(a), nor did it identify any specific response that was allegedly inadequate. Instead, the motion, based upon an email request, sought VanVeen to execute an authorization to obtain information from the Nevada Prescription Monitoring Program. After briefing was complete, the Court denied the motion by its order dated May 7, 2015. (ECF No. 61). The Court noted that the motion was procedurally deficient in several respects, and invited the Defendant to submit a motion for reasonable expenses for having to oppose the motion. Defense Counsel Karen Bashor now requests attorney's fees of $2,226.00.

**DISCUSSION**

**A.    Rule 37 Sanctions**

Federal Rule of Civil Procedure 37(a)(5)(B) provides that the court "must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees." However, "the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust." *Id.* Discovery conduct is substantially justified "if it is a response to a 'genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action.'" *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1163 (11th Cir. 1993) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

While admitting the procedural infirmities in her motion to compel, Plaintiff contends that her discovery conduct in filing the motion was substantially justified because Defendant suffers from sleep apnea and failed to take a required drug test, and therefore the information of his possible drug use was important to the prosecution of her case.

The Court finds that Plaintiff's discovery conduct was not substantially justified. At the heart of the procedural deficiencies was Plaintiff's failure to have previously requested, through any sort of discovery request, that Defendant sign an authorization permitting Plaintiff to obtain a report from the Nevada Prescription Monitoring Program. Even if such a request is proper, and this Court does not believe it is,[1] no discovery request to support the motion to compel had been made as required by Rule 37(a)(3)(B). As a result, the Court finds that Plaintiff has failed to carry her burden to demonstrate that her conduct was substantially justified or that an award of fees would be unjust.

///
///
///

---

[1] *See Lopez v. Cardenas Markets, Inc.*, No. 2:11-cv-00323-ECF-CWH, 2011WL 4738111 (D. Nev. Oct. 5, 2011) (stating that a party may not be compelled to execute an authorization for release of his medical records from third party providers) (collecting cases).

**B.     Reasonableness of the Fee Request**

To determine a reasonable attorney's fee, the Court multiplies the number of hours reasonably expended by a reasonable hourly rate. *Mendez v. Cnty. of San Bernardino*, 540 F.3d 1109, 1129 (9th Cir. 2008), *overruled on other grounds by Arizona v. ASARCO, LLC*, 773 F.3d 1050 (9th Cir. 2014). The resulting figure is referred to as the "lodestar," and this amount is a presumptively reasonable fee. *Id.* Although presumptively reasonable, the Court may adjust the lodestar "to account for factors not already subsumed within the initial lodestar calculation." *Id.* Those factors include:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Morales v. City of San Rafael*, 96 F.3d 359, 364 n.8 (9th Cir. 1996) (citing *Kerr v. Screen Guild Extras, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975)). Trial courts have broad discretion in determining the reasonableness of fees. *Gates v. Deukmejian*, 987 F.2d 1392, 1398 (9th Cir. 1992).

*1.     Reasonable Hourly Rate*

The Court determines a reasonable hourly rate by reference to the "prevailing market rates in the relevant community" for an attorney of similar experience, skill, and reputation. *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013) (quotation omitted). The relevant community generally is "the forum in which the district court sits." *Prison Legal News v. Schwarzenegger*, 608 F.3d 446, 454 (9th Cir. 2010) (quotation omitted). In determining a reasonable hourly rate, the court may consider "the fees awarded by other judges in the same locality in similar cases." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1115 (9th Cir. 2008); *see also United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d 403, 407 (9th Cir. 1990). The party seeking fees bears the burden of producing satisfactory evidence to justify the requested rate. *Gonzalez*, 729 F.3d at 1206.

/ / /

Here, Defendant VanVeen requests fees for Karen Bashor and Jeremy Welland at an hourly rate of $150 to $165.[2] Defendant submits a declaration by attorney Karen Bashor as well as billing records in support of his request. Plaintiffs raised no objection to this rate, and the Court finds it to be reasonable for this forum.

   2. *Reasonable Hours Expended*

A reasonable number of hours expended means the number of hours an attorney reasonably could have billed to a private client. *Gonzalez*, 729 F.3d at 1202. If the Court determines some requested fees should be excluded as unreasonable, the Court may exclude billed entries pursuant to an hour-by-hour analysis. *Id.* at 1203. The court may exclude hours that are not reasonable due to overstaffing, duplication of effort, excessiveness, and otherwise unnecessary to the issue. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). The prevailing party bears the burden of submitting billing records to establish that the hours requested are reasonable. *Gonzalez*, 729 F.3d at 1202.

Here, Defendant VanVeen requests a total fee award of $2,226.00 based on 14.6 total hours. Plaintiff argues that she should not be charged with attorney's fees spent advancing fraud theories in opposition to her motion to compel where such theories have no proper place in the response to the motion. The Court views the fraud theories as merely background information, and is not persuaded that it was excessive, and therefore rejects the argument. Therefore, the Court finds that Defense Counsel Bashor is entitled to an award of $2,226.00 in fees.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

---

[2] Bashor's billing rate changed after the Response to the Motion to Compel was filed, and was applicable when the Motion for Fees was prepared.

**IT IS THEREFORE ORDERED** that Defendant VanVeen's Request for Attorney's Fees (ECF No. 65) is **granted.**

**IT IS FURTHER ORDERED** that Plaintiff Maria Garcia Hernandez shall pay Defendants the total sum of $2,226.00 at the conclusion of the case.

DATED: March 17, 2016.

_____
**C.W. Hoffman, Jr.
United States Magistrate Judge**