UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARIA GARCIA HERNANDEZ, | Case No. 2:14-CV-1493 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| CASE PETER VANVEEN, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Maria Garcia Hernandez' motion *in limine* to preclude defendants from presenting a fraud defense at trial. (Doc. # 75). Defendants Case Peter VanVeen ("VanVeen") and Case VanVeen d/b/a Lazevee Farms, Inc. ("Lazevee") filed a response (doc. # 83), and plaintiff filed a reply. (Doc. # 87).

Also before the court are defendants' motion to strike (doc. # 89) plaintiff's reply to their response to the motion *in limine* and motion for a hearing (doc. # 90) on defendants' opposition to the motion *in limine*.

**I.    Background**

This matter involves a motor vehicle accident that occurred on Interstate 15 in Las Vegas, Nevada. Plaintiff is suing defendants for damages she suffered in the accident as a passenger in a vehicle that VanVeen, who was operating a tractor-trailer truck, struck from behind on December 18, 2012.

Vanveen was allegedly driving a Lazevee truck conducting business on behalf of Lazevee. Defendants are pursuing a theory that the accident was staged for the purposes of winning a recovery in an action such as this. Plaintiff moves the court to preclude defendants from presenting any evidence of that theory at trial.

. . .

**James C. Mahan**
**U.S. District Judge**

## II. Legal Standard

"The court must decide any preliminary question about whether . . . evidence is admissible." FED. R. EVID. 104. Motions *in limine* are procedural mechanisms by which the court can make evidentiary rulings in advance of trial, often to preclude the use of unfairly prejudicial evidence. *United States v. Heller*, 551 F.3d 1108, 1111-12 (9th Cir. 2009); *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003).

"Although the Federal Rules of Evidence do not explicitly authorize *in limine* rulings, the practice has developed pursuant to the district court's inherent authority to manage the course of trials." *Luce v. United States*, 469 U.S. 38, 41 n.4 (1980). Motions *in limine* may be used to exclude or admit evidence in advance of trial. *See* Fed. R. Evid. 103; *United States v. Williams*, 939 F.2d 721, 723 (9th Cir. 1991) (affirming district court's ruling *in limine* that prosecution could admit impeachment evidence under Federal Rule of Evidence 609).

Judges have broad discretion when ruling on motions *in limine*. *See Jenkins v. Chrysler Motors Corp.*, 316 F.3d 663, 664 (7th Cir. 2002); *see also Trevino v. Gates*, 99 F.3d 911, 922 (9th Cir. 1999) ("The district court has considerable latitude in performing a Rule 403 balancing test and we will uphold its decision absent clear abuse of discretion.").

"[*I*]*n limine* rulings are not binding on the trial judge [who] may always change his mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that *in limine* rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

## III. Discussion

Plaintiff argues that defendants should be precluded from introducing evidence of any fraud or intentional conduct on the behalf of either plaintiff or the driver of her vehicle that contributed to causing the accident. She claims that defendants failed to allege any affirmative defense of fraud, inequitable conduct, or intentional acts in their answer to the complaint and have failed to amend that answer or otherwise assert such an affirmative defense. In anticipation of defendants' request for leave to amend their answer, plaintiff also asserts that the time for amending pleadings had passed when the motion was filed and that any amendment at this stage in the matter would unfairly prejudice plaintiff.

Further, she maintains that despite an extended discovery process prior to the filing of the motion (*see* doc. # 58), defendants have failed to "discover any evidence supporting such a defense

U.S. District Judge

- 2 -

or a claim." (Doc. # 75 at 5). She argues that if defendants cannot produce evidence of fraud, their counsel should be precluded from asking witnesses questions about the existence of fraud because of the risk that counsel will "plant [the idea] in jurors' minds that this accident was staged." She insists that such a suggestion in questions or argument would be unfairly prejudicial if not substantiated by actual evidence of fraud, particularly when defendants have failed to raise the affirmative defense in the first place.

Defendants assert that they pled their theory that the accident was intentionally staged sufficiently in their answer. VanVeen and Lazevee argue that the following affirmative defenses, pled in their answer (*see* doc. # 1-2), encompass their intentional staging theory: (i) contributory negligence; (ii) fault of a third party outside VanVeen's control; (iii) sudden emergency, and (iv) superseding intervening cause. Defendants maintain that the theory could also be offered as a general defense to the causation element of plaintiff's negligence claim because an intentional act to create a collision would not be foreseeable.

With respect to the lack of evidence, defendants point out that discovery has not closed. Specifically, defense counsel is still in the process of producing or obtaining expert reports, depositions, and other evidence. Alternatively, defendants move the court for leave to amend their answer to add an affirmative defense that would encompass an intentional staging theory.

*A.    Leave to amend*

Plaintiff argues that an affirmative defense of fraud should have been pled in defendants' answer to her complaint, while defendants argue that allegations that an accident was intentionally staged do not constitute fraud within the meaning of FRCP 9(b).[1]

The court notes at the outset that allegations of an intentionally staged accident are unusual in negligence cases. The parties do not cite to, and the court cannot find, authority in this jurisdiction or others definitively holding whether such a theory is encompassed by a traditional affirmative defense or requires a separate affirmative defense alleging fraud with the particularity required by FRCP 9(b). The court finds, however, that general principles of fairness require that defendants should plead such a theory with specificity if they wish to present the theory at trial. The court will therefore consider defendants' motion to amend their answer to the complaint. (Doc. # 83 at 19).

---

[1] FRCP 9(b) requires that allegations of fraud be pled with particularity. *See* FED. R. CIV. P. 9(b).

**James C. Mahan**
**U.S. District Judge**

- 3 -

Federal Rule of Civil Procedure 15 governs amended and supplemental pleadings. See FED. R. CIV. P. 15. Where, as here, more than twenty-one days have elapsed since serving the original pleading, a party "may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." FED. R. CIV. P. 15(a)(2). However, courts deny leave to amend if: (1) it will cause undue delay; (2) it will cause undue prejudice to the opposing party; (3) the request is made in bad faith; (4) the party has repeatedly failed to cure deficiencies; or (5) the amendment would be futile. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1387 (9th Cir. 1990). Where, as here, a defendant moves to amend his or her answer to add an affirmative defense, the legal standard governing the court's inquiry under Rule 15 is governed by *Conley v. Gibson*, 355 U.S. 41 (1957). *See F.T.C. v. AMG Servs., Inc.*, *et al.*, No. 2:12–cv–536–GMN–VCF, 2014 WL 5454170, at *4 –*7 (D. Nev. Oct. 27, 2014) (discussing the appropriate legal standard governing pleading affirmative defenses).

Plaintiff argues that granting defendants leave to amend their answer will cause plaintiff undue prejudice. The court finds that defendants' assertion of affirmative defenses of fault of a third party outside defendants' control and superseding intervening cause, coupled with plaintiff's concession that defendants' intentional staging theory "has been a theory of defense since the inception of the case, and [d]efendants have asserted as much in various moving papers," (doc. # 75 at 3) put plaintiff on notice of the theory from the outset of the case. Plaintiff has not explained how granting leave to amend would unduly prejudice her, and the court cannot identify any reason it would, considering the intentional staging theory has been the subject of discovery throughout the case's history.

Turning to the other *Foman* factors, the court finds that an amendment will not cause delay. Discovery in this case was still open at the filing of plaintiff's motion and remains open at this time. (*See* doc. # 96). The request was not made in bad faith, defendants have had no previous opportunities to cure their answer's deficiencies, and the amendment will not be futile. *See Foman*, 371 U.S. at 182.

Accordingly, the court will grant defendants leave to amend their answer. Defendants shall plead their intentional staging theory under an affirmative defense of fraud with the particularity required by FRCP 9(b). Defendants shall submit their amended answer within seven (7) days of this order.

**James C. Mahan**
**U.S. District Judge**

- 4 -

B.  *Motion in limine[2] to preclude evidence of the intentional staging*

Given the discussion above, the court finds that plaintiff's motion to preclude evidence of defendants' intentional staging theory is premature. The court agrees with plaintiff that if defendants cannot produce tangible evidence that the accident was staged, questions and argument related to the matter *may* be unfairly prejudicial under Federal Rule of Evidence 403. *See* FED. R. EVID. 403. The court cannot make a determination about whether that is the case at this juncture in the proceedings, however.

First, discovery is open until April 26, 2016. (*See* doc. # 96). Defendants may yet discover such evidence. Furthermore, the plaintiff herself has failed to appear for depositions noticed by defendants. (*See* doc. # 97). Without an opportunity to depose plaintiff about the circumstances of her accident, defense counsel has not been given a realistic chance to determine whether defendants' theory is triable. Finally, a large volume of discovery has been conducted since the filing of plaintiff's motion. The court cannot determine whether defendants have discovered and disclosed evidence of fraud since that time.

The court will therefore deny plaintiff's motion without prejudice to refiling after the close of discovery.

**IV.  Conclusion**

The court will grant defendants leave to amend their answer to the complaint. Because discovery is still open, plaintiff's motion *in limine* to preclude evidence based on a lack of discovered evidence is premature and will be denied. The court declines to hold a hearing on the present motions, and defendants' motion for such a hearing will be denied. Defendants' motion to strike plaintiff's reply for violation of LR 16-3(b) will be granted.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Maria Garcia Hernandez' motion in limine to preclude defendants from presenting a fraud defense at trial (doc. # 75) be, and the same hereby is, DENIED without prejudice.

---

[2] Plaintiff filed a reply to defendants' response to the motion *in limine*. (Doc. # 87) Local Rule 16-3(b) provides that "[r]eplies [to oppositions to motions *in limine*] will be allowed only with leave of the [c]ourt." L-R 16-3(b). Plaintiff failed to seek leave of the court before filing its reply. Accordingly, the court will grant defendants' motion (doc. # 89) to strike the reply and disregard the arguments contained therein.

James C. Mahan
U.S. District Judge

- 5 -

1  IT IS FURTHER ORDERED that defendants Case Peter VanVeen and Case VanVeen d/b/a Lazevee Farms, Inc.'s request for leave to amend its answer to the complaint be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants Case Peter VanVeen and Case VanVeen d/b/a Lazevee Farms, Inc. shall file an amended answer to the complaint consistent with this order within seven (7) days of the order.

IT IS FURTHER ORDERED that defendants Case Peter VanVeen and Case VanVeen d/b/a Lazevee Farms, Inc.'s motion to strike plaintiff's reply to defendants' response to the motion *in limine* (doc. # 89) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that defendants Case Peter VanVeen and Case VanVeen d/b/a Lazevee Farms, Inc.'s motion for a hearing on defendants' opposition to the motion *in limine* (doc. # 90) be, and the same hereby is, DENIED.

DATED March 18, 2016.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 6 -