UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARIA GARCIA HERNANDEZ, | ) |
| Plaintiff, | ) Case No. 2:14-cv-01493-JCM-CWH |
| vs. | ) **ORDER** |
| CASE PETER VANVEEN, et al., | ) |
| Defendants. | ) |

This matter is before the Court on Maria Hernandez's Motion for Spoliation of Evidence (ECF No. 36), filed on March 11, 2015. The Court also considered Case VanVeen's response (ECF No. 48), filed March 30, 2015, and Hernandez's reply (ECF No. 50), filed March 31, 2015, and supplemental reply (ECF No. 73), filed June 8, 2015.

## BACKGROUND

This matter involves a motor vehicle collision that occurred when VanVeen, while operating a commercial tractor-trailer, rear-ended a vehicle in which Hernandez was a passenger. Hernandez was transported from the accident scene by ambulance. VanVeen was cited by the investigating officer for failure to use due care. (Mot. for Sanctions (ECF No. 36), Ex. 2 at 4.) Hernandez argues that under the circumstances, federal regulations require that the driver of a commercial vehicle take an alcohol or controlled substance test after the accident, but VanVeen, a self-employed driver, did not take a test. Hernandez argues that she is entitled to an adverse jury instruction as a sanction for VanVeen's failure to test himself for alcohol or controlled substances after the accident. Although Hernandez provides no adverse inference instruction, it would presumably lead the jury to infer that the results of the blood test would have demonstrated that VanVeen was impaired at the time of the accident.

**DISCUSSION**

"Spoliation is the destruction or significant alteration of evidence, or the failure to preserve property for another's use as evidence in pending or reasonably foreseeable litigation." *West v. Goodyear Tire & Rubber Co.*, 167 F.3d 776, 779 (9th Cir. 1999). There are two sources of authority under which the Court can sanction a party for spoliation of evidence—its inherent authority or Federal Rule of Civil Procedure 37. *Leon v. IDX Sys. Corp.*, 464 F.3d 951, 958 (9th Cir. 2006). Regardless of whether it is under Rule 37 or its inherent authority, a federal court applies federal law when addressing issues of spoliation of evidence. *See Glover v. BIC Corp.*, 6 F.3d 1318, 1329 (9th Cir. 1993) (applying federal law when addressing spoliation in diversity litigation). Here, Hernandez requests that the Court exercise its inherent authority to enter an order for an adverse inference jury instruction.

The Court has "inherent discretionary power to make appropriate evidentiary rulings in response to the destruction or spoliation of relevant evidence." *Id.* Such broad power includes permitting an adverse inference from the spoliation of relevant evidence against the spoliating party. *Id.* The adverse inference sanction is based on evidentiary and policy rationales that seek to deter a party who has notice of an item's relevance to litigation from destroying it. *Akiona v. United States*, 938 F.2d 158, 161 (9th Cir. 1991). Therefore, the duty to preserve begins when a party reasonably should have known that the evidence is relevant to anticipated litigation. *See In re Napster*, 462 F. Supp. 2d 1060, 1067 (N.D. Cal. 2006). A finding of bad faith is not a prerequisite for an adverse inference. *Glover*, 6 F.3d at 1329. A spoliation remedy, however, requires some degree of culpability. *In re Napster*, 462 F. Supp. 2d at 1067.

Although the Ninth Circuit has approved the use of adverse inferences as sanctions for spoliation of evidence, it has not articulated a precise standard for determining when spoliation sanctions are appropriate. *Apple Inc. v. Samsung Elecs. Co.*, 888 F. Supp. 2d 976, 989 (N.D. Cal. 2012). "Trial courts have widely adopted the Second Circuit's three-part test, which provides that a party seeking an adverse inference instruction based on the destruction of evidence must establish: (1) that the party having control over the evidence had an obligation to preserve it at the time it was destroyed; (2) that the records were destroyed with a culpable state of mind; and (3) that the

evidence was relevant to the party's claim or defense such that a reasonable trier of fact could find that it would support that claim or defense." *Id.* at 989-90 (quotations omitted).

### A. VanVeen's Obligation to Take the Test and Preserve the Results

The parties agree that 49 C.F.R. § 382.101 et seq. requires that employers test commercial motor vehicle drivers for alcohol and controlled substances "as soon as practical" after an accident on a public road if (1) the accident causes a loss of human life or (2) a moving traffic citation is issued to the commercial driver combined with either (a) bodily injury requiring immediate medical attention away from the scene of the accident or (b) disabling damage to a vehicle. 49 C.F.R. § 382.303. The regulation applies to VanVeen even though he is self-employed. *Id.* at § 382.103(b). The parties disagree on whether the circumstances of the accident met these criteria and triggered a duty for VanVeen to take a drug test.

Hernandez argues that the accident resulted in a moving citation and bodily injury requiring immediate medical attention, and therefore a test was required. VanVeen responds that he had no duty to take a drug test even though a citation was issued because Hernandez did not receive any immediate medical treatment. In support, VanVeen cites evidence that the ambulance arrived without being summoned by the parties or the Nevada Highway Patrol, and that Hernandez was assessed as normal both at the scene and at the hospital where she was taken by the ambulance. VanVeen concedes, however, that Hernandez complained of some neck pain and hand pain. (Def.'s Resp. (ECF No. 48) at 6.) VanVeen argues that the only reason Hernandez was transported to the hospital by ambulance was because of the mechanism of the injury, which apparently was the impact at a speed in excess of 40 miles per hour, and that she was discharged approximately an hour after she was admitted.[1]

VanVeen was cited for the accident, and Hernandez was transported by ambulance from the scene, which leads to an objective conclusion that "bodily injury requiring immediate medical

---

[1] At the time that the test under § 382.303 would have been required, it is unlikely VanVeen knew the results of Hernandez's hospital visit or what the records would reflect were the reason for her being transported because after the accident, he had no further contact with her, and continued on his trip.

3

1  attention away from the scene of the accident" must have occurred.  Hernandez was obviously
2  examined by medical personnel for bodily injury, and she did receive some medicine at the
3  hospital.  Even if VanVeen thought Hernandez was not seriously injured, the regulations should be
4  interpreted to require testing when the criteria are objectively established.  The Court finds that
5  under 49 C.F.R. § 382.303, VanVeen had a duty to take a drug test "as soon as practical" after the
6  accident, thereby preserving any evidence regarding intoxication that may have existed.

7  Although VanVeen argues that he did not have a duty to preserve evidence because he was
8  not on notice that Hernandez would pursue a claim, the Court is not convinced by this argument.
9  While all traffic accidents may not result in litigation, the accident report and transportation from
10 the scene by ambulance is sufficient to trigger VanVeen's duty to preserve relevant evidence.
11 *Compare Aiello v. Kroger Co.*, No. 2:08-cv-01729-HDM-RJJ, 2010 WL 3522259, *3 (D. Nev.
12 Sept. 1, 2010) (noting completing an accident report was sufficient to put Defendant on notice of
13 potential litigation) *with English v. Walmart*, No. 3:10-cv-00080-ECR-VPC, 2011 WL 3496092 (D.
14 Nev. Aug. 10, 2011) (finding Defendant did not breach its duty to preserve video footage because
15 Plaintiff did not file an accident report at the scene and notice of litigation did not arise until three
16 months later when Plaintiff's attorney requested the video).  Here, Hernandez was transported from
17 the scene by ambulance after a Nevada Highway Patrol investigation, and VanVeen was cited for
18 the accident.  VanVeen had sufficient notice on the date of the accident that litigation was
19 reasonably foreseeable.  Given that VanVeen had an obligation to take the test required by 49
20 C.F.R. § 382.303 and to preserve the test results, this factor weighs in favor of spoliation sanctions.

21 **B. VanVeen's Culpability**

22 To obtain an adverse inference instruction, Hernandez must prove that VanVeen had a
23 culpable state of mind in failing to preserve the evidence, i.e., failing to take the test.  *See Apple*,
24 888 F. Supp. 2d at 998; *In re Napster*, 462 F. Supp. 2d at 1078; *Med. Lab. Mgmt. Consultants v.*
25 *ABC*, 306 F.3d 806, 824 (9th Cir. 2002) (stating that "[w]hen relevant evidence is lost accidentally
26 or for an innocent reason, an adverse evidentiary inference from the loss may be rejected.")  The
27 Court must find that VanVeen acted with "conscious disregard" of his obligations.  *Apple,* 888 F.
28 Supp. 2d at 998.

4

The Court is not convinced that VanVeen consciously disregarded his obligation to take the test. To determine VanVeen's state of mind, the Court has considered the following factors. First, it was VanVeen who called the Highway Patrol to report the accident—if he was impaired, it is unlikely that he would have initiated a call to report the accident. Hernandez argues that VanVeen attempted to flee the scene of the accident, but provided no facts to support that argument. Second, the police report indicates that alcohol/drug impairment was "not involved," and VanVeen was allowed to continue his trip. Third, based upon Hernandez's statement at the scene, VanVeen did not believe Hernandez was injured, which negated, in his mind, the need for a test. And VanVeen provided verified discovery responses which indicated he did not believe a test was required. The Court finds that Hernandez has provided insufficient evidence to support a finding that VanVeen had a culpable state of mind, that is, that he acted in conscious disregard of his obligations, when he failed to take a drug test. The absence of evidence indicating VanVeen acted with a culpable state of mind weighs against spoliation sanctions.

### C.   Relevance of the Evidence to the Claim

Spoliation requires awareness that the evidence lost was potentially relevant to the litigation. Absent such awareness, there is no spoliation. *U.S. v. Kitsap Physicians Serv.*, 314 F.3d 995, 1001 (9th Cir. 2002). "Courts generally agree that 'relevance' for spoliation purposes is a two-pronged finding of relevance and prejudice because for the court to issue sanctions, the absence of the evidence must be prejudicial to the party alleging spoliation of evidence." *Reinsdorf v. Skechers U.S.A., Inc.*, 296 F.R.D. 604, 627 (C.D. Cal. 2013) (quotation omitted). The prejudice inquiry "looks to whether the spoliating party's actions impaired the non-spoliating party's ability to go to trial or threatened to interfere with the rightful decision of the case." *Leon*, 464 F.3d at 959 (quotation omitted).

Here, had a test been administered, the relevant evidence from Hernandez's perspective would have been test results indicating that VanVeen was impaired. Hernandez believes that VanVeen was impaired at the time of the accident because VanVeen suffers from sleep apnea, and therefore he may have been under the influence of controlled substances to avoid the drowsiness or fatigue of sleep apnea. VanVeen responds that because the investigating officer unambiguously

reported no suspicion of drug or alcohol use and allowed VanVeen to proceed on his trip after the accident was investigated, there is no basis to believe the test would have provided evidence of impairment.

      The Court is unable to determine whether the test results, if they existed, would be relevant to Hernandez's claim of negligence against VanVeen.  The same evidence that indicates VanVeen has sleep apnea also explains that it is treated with a CPAP machine, not medication. (Mot. for Sanctions (ECF No. 36), Ex. 5 at 2.)  Hernandez has provided absolutely no evidence suggesting that VanVeen was impaired.  The Court therefore finds that Hernandez's argument that the test would support her claim is speculative. *See Rimkus Consulting Grp., Inc. v. Cammarata*, 688 F. Supp. 2d 598, 616 (S.D. Tex. 2010) (stating that typically, "speculative or generalized assertions that the missing evidence would have been favorable to the party seeking sanctions are insufficient").  The Court cannot assess whether a reasonable trier of fact would find that the non-existent test results would support Hernandez's claim, or even be useful to determine the issues in the case. *Apple,* 888 F. Supp. 2d at 989.

      Additionally, Hernandez's ability to prosecute this action is not prejudiced or even impaired.  The results of the test are not the foundation of Hernandez's negligence case against VanVeen.  The official report of the accident indicates, among other things, that VanVeen was found to be at fault.  Hernandez can testify in detail regarding the accident, present evidence of the medical care which she received, and call additional witnesses to the accident, including the driver and other passenger of the automobile that was hit by VanVeen.  Even without the test results, the trier of fact will be fully able to make the final determination as to whether VanVeen's negligence caused the accident.  The absence of a showing of relevance or prejudice weighs against spoliation sanctions.  Given that two of the three factors weigh against spoliation sanctions, the Court will deny Hernandez's request for an adverse instruction.

/ / /

/ / /

/ / /

6

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Spoliation of Evidence (ECF No. 36) is **denied.**

DATED: March 28, 2016.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**