STEVEN T. JAFFE, ESQ.
Nevada Bar No. 007035
sjaffe@lawhjc.com
KAREN L. BASHOR, ESQ.
Nevada Bar No. 011913
kbashor@lawhjc.com
ALEKSANDR N. CHALIMBEKOV, ESQ.
Nevada Bar. No. 013844
achalimbekov@lawhjc.com

**HALL JAFFE & CLAYTON, LLP**
7425 PEAK DRIVE
LAS VEGAS, NEVADA 89128
(702) 316-4111
FAX (702)316-4114

*Attorney for Defendants*
*Case Peter VanVeen and*
*Case VanVeen dba Lazevee Farms, Inc.*

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| MARIA GARCIA HERNANDEZ,<br><br>Plaintiff,<br><br>vs.<br><br>CASE PETER VANVEEN, an individual; CASE VANVEEN, dba LAZEVEE FARMS, INC., a California corporation; DOES I through V, inclusive, and ROE CORPORATIONS I through V, inclusive,<br><br>Defendants. | CASE NO.   2:14-cv-01493-JCM-CWH<br><br>**ORDER REGARDING DEFENDANTS VANVEEN AND LAZEVEE FARMS, INC.,'S MOTION TO PRECLUDE OR LIMIT THE TESTIMONY OF PAUL PAXTON, OR, ALTERNATIVELY, TO ALLOW COMPLETION OF DEPOSITION, AND MOTION FOR SANCTIONS** |

On August 22, 2016, Defendants CASE PETER VANVEEN and LAZEVEE FARMS, INC. ("Defendants") brought their Motion to Preclude or Limit the Testimony of Plaintiff's Expert, Paul Paxton, or, Alternatively, to Allow Completion of Deposition, and Motion for Sanctions for hearing. The Court, having reviewed the papers and pleadings on file herein, having heard oral arguments of counsel, Steven T. Jaffe, Esq. on behalf of the Defendants and R. Todd Terry, Esq. on behalf of Plaintiff, and having been otherwise fully informed on the premises, hereby enters the following Order:

IT IS HEREBY ORDERED, ADJUDGED and DECREED that this Court will not make a decision regarding the qualifications of Mr. Paxton as an expert under Rule 702. That is a decision that Judge Mahan can make as he sees fit;

1    IT IS ALSO HEREBY ORDERED, ADJUDGED and DECREED that Mr. Paxton's First and

2    Second Supplemental Reports are stricken. This Court bases its decision on the fact that both

3    supplemental reports were based upon information that was well known and available to the Plaintiff

4    prior to the court-ordered initial expert disclosure deadline, and are therefore untimely. The Court also

5    finds that there is no substantial justification for the lateness of the opinions and facts supporting those

6    opinions. The Court further finds that these untimely supplements are not harmless;

7    IT IS FURTHER ORDERED, ADJUDGED and DECREED that Mr. Paxton may not support his

8    testimony, or supplement his initial report, with facts, foundation, or opinions that are expressed in the

9    first or second supplemental reports, or any additional discovery that Mr. Paxton was provided with that

10   led to the second supplemental report or the site inspection that led to the first supplemental report;

11   IT IS FURTHER ORDERED, ADJUDGED and DECREED that Mr. Paxton will not be allowed

12   to supplement his report based upon the deposition testimony of Mr. Vanveen, or otherwise allowed to

13   reference or use Mr. Vanveen's deposition testimony to support any of his opinions at trial;

14   IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants prevailed and were

15   successful in this motion pursuant to FRCP 37© and as a result will be awarded their fees and costs for

16   having to file this Motion;

17   IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff shall reimburse

18   Defendants for the costs of Defendants' counsel having to travel to Florida for the February 26, 2016,

19   deposition, and for eight hours of attorney time for travel to and from Florida. This is because the

20   effectiveness of the deposition was undermined by Mr. Paxton's untimely supplement, because Mr.

21   Paxton was unrealistic in his belief that he would only have to testify for three hours as that was the only

22   amount advanced at that time (particularly given the untimely supplement served shortly prior to the

23   deposition), and because Mr. Paxton failed to otherwise make known any issues with a normal

24   deposition day prior to the deposition.

25   IT IS FURTHER ORDERED, ADJUDGED and DECREED that Plaintiff shall be required to

26   pay Defendants for the costs of the failed April 8, 2016, deposition, which will be the court reporter fees,

27   the appearance fees, and the videography fees. This is due to the second untimely supplemental report

28   that confused things further and made the second videotaped deposition a waste of time. The parties

1   shall meet and confer regarding these amounts and Defendants shall file a motion within 14 days of this

2   Order if the parties cannot come to an agreement regarding the amount;

3       IT IS FURTHER ORDERED, ADJUDGED and DECREED that all financial sanctions from this

4   order be due to Defendants at the resolution of this case;

5       IT IS FURTHER HEREBY ORDERED, ADJUDGED and DECREED that Mr. Paxton is either

6   to return the fees that he received from the Defense in anticipation of the second deposition or credit

7   such fees to the continuation of his deposition. Failure by Mr. Paxton to return the fees or credit them to

8   the continuation of his deposition will result in him being precluded from testifying in this case;

9       IT IS FURTHER HEREBY ORDERED, ADJUDGED and DECREED that Mr. Paxton's fees for

10  the next deposition will be $350 an hour, and Mr. Paxton will not be allowed to increase his fee in the

11  middle of the deposition;

12      IT IS FURTHER ORDERED, ADJUDGED and DECREED that Defendants will be allowed

13  another four and a half (4.5) hours of testimony time to complete the deposition of Mr. Paxton, and that

14  Plaintiff's counsel is to inform Defendants' counsel regarding whether Mr. Paxton will be able to

15  complete the 4.5 hours in one sitting or whether the deposition would have to be scheduled for

16  consecutive days at least three (3) weeks in advance of Mr. Paxton's deposition to allow Defendants to

17  make the necessary arrangements.

18      IT IS FURTHER ORDERED, ADJUDGED and DECREED that the Court will extend discovery

19  in this matter, but asks that the parties meet and confer to select a date certain for the settlement

20  conference, assess the proposed amount of time needed to complete discovery if needed, and submit a

21  stipulation and order to this Court with those terms.

22      IT IS SO ORDERED.

23  
24  DATED:_ September 21, 2016 ___

25  

26  _____
    THE HONORABLE CARL W. HOFFMAN
27  U.S. DISTRICT COURT JUDGE

28  

3

1   Respectfully submitted by:

2
    HALL JAFFE & CLAYTON, LLP
3

4
    By: /s/ Steven T. Jaffe
5   STEVEN T. JAFFE, ESQ.
    Nevada Bar No. 007035
6   KAREN L. BASHOR, ESQ.
    Nevada Bar No. 011913
7   ALEKSANDR N. CHALIMBEKOV, ESQ.
    Nevada Bar No. 13844
8   7425 Peak Drive
    Las Vegas, NV 89128
9   *Attorney for Defendants*
    *Case Peter VanVeen and*
10  *Case VanVeen dba Lazevee Farms, Inc.*

11  ///

12  ///

13  ///

14  Approved as to form and content:

15
    By: /s/ R. Todd Terry
16      PETER S. CHRISTIANSEN, ESQ.
        Nevada Bar No. 005254
17      R. TODD TERRY, ESQ.
        Nevada Bar No. 006519
18      CHRISTIANSEN LAW OFFICES
        810 S. Casino Center Blvd., Suite 104
19      Las Vegas, Nevada 89101

20  -and-

21      DANIEL S. SIMON, ESQ.
        Nevada Bar No. 004750
22      SIMON LAW
        810 S. Casino Center Blvd.
23      Las Vegas, Nevada 89101

24  -and-

25      TROY L. ATKINSON, ESQ.
        Nevada Bar No. 008954
26      ATKINSON WATKINS HOFFMAN
        10789 W. Twain Ave., Suite 100
27      Las Vegas, Nevada 89135

28  *Attorneys for Plaintiff*