UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

MARIA GARCIA HERNANDEZ,

Plaintiff(s),

v.

CASE PETER VANVEEN, et al.,

Defendant(s).

Case No. 2:14-CV-1493 JCM (CWH)

ORDER

Presently before the court is defendants Case Peter VanVeen ("VanVeen"), an individual, and Case VanVeen, dba Lazevee Farms, Inc.'s (collectively, "defendants") motion for partial summary judgment on plaintiff's third, fourth, and fifth causes of action. (ECF No. 139). Plaintiff Maria Garcia Hernandez filed a non-opposition response to the motion (ECF No. 148).

Also before the court is defendants' motion for partial summary judgment on the issue of punitive damages. (ECF No. 140). Plaintiff filed a response (ECF No. 149), to which defendants replied (ECF No. 152).

Also before the court is plaintiff's motion to strike defendants' affirmative defenses of fraud. (ECF No. 141). Defendants filed a response (ECF No. 146), to which plaintiff replied (ECF No. 147).

**I.     Facts**

On December 18, 2012, defendant VanVeen, while driving a tractor-trailer ("truck") on I-15 near the Charleston exit, struck a car driven by Ricardo Hernandez ("the Dodge"). (ECF No. 149 at 42, 49). Ricardo Hernandez's wife, Maria Garcia Hernandez, was in the front passenger seat of the Dodge.

The initial impact consisted of the front of the truck colliding into the back of the Dodge. (ECF No. 149 at 42, 49). The first impact did not halt the momentum of the truck, and it continued down the highway. (ECF No. 149 at 2). While passing the Dodge, the left side of the truck scraped the right side of Dodge. *Id.* Mr. Hernandez claims that the Dodge initially stalled, but that he was able to get the engine to start up again. (ECF No. 142-2 at 3). He resumed driving with the stated purpose of obtaining the truck's license plate number.[1] *Id.* Thereafter, a second collision occurred, when VanVeen attempted to merge to the left lane and the Dodge was in VanVeen's "blind spot." (ECF No. 149 at 25, 42, 50).

Shortly after the second collision, both cars ended up parked on the left-side median of I-15, with the truck parked in front of the Dodge. (ECF No. 149 at 35).

## II. Legal Standard

### i. Summary judgment

The Federal Rules of Civil Procedure allow summary judgment when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A principal purpose of summary judgment is "to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323–24 (1986).

For purposes of summary judgment, disputed factual issues should be construed in favor of the non-moving party. *Lujan v. Nat'l Wildlife Fed.*, 497 U.S. 871, 888 (1990). However, to be entitled to a denial of summary judgment, the nonmoving party must "set forth specific facts showing that there is a genuine issue for trial." *Id.*

In determining summary judgment, a court applies a burden-shifting analysis. The moving party must first satisfy its initial burden. "When the party moving for summary judgment would bear the burden of proof at trial, it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial. In such a case, the moving party has

---

[1] Plaintiff asserts that defendant's failure to immediately stop constituted an attempt to flee the scene, and that Ricardo Hernandez believed as much in the seconds following initial impact. (ECF No. 149 at 2, 51).

James C. Mahan
U.S. District Judge

- 2 -

the initial burden of establishing the absence of a genuine issue of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

By contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the non-moving party's case; or (2) by demonstrating that the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp.*, 477 U.S. at 323–24. If the moving party fails to meet its initial burden, summary judgment must be denied and the court need not consider the nonmoving party's evidence. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 159–60 (1970).

If the moving party satisfies its initial burden, the burden then shifts to the opposing party to establish that a genuine issue of material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a factual dispute, the opposing party need not establish a material issue of fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 631 (9th Cir. 1987).

In other words, the nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *See Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine issue for trial. *See Celotex*, 477 U.S. at 324.

At summary judgment, a court's function is not to weigh the evidence and determine the truth, but to determine whether there is a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. But if the evidence of the

**James C. Mahan**
**U.S. District Judge**

nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *See id.* at 249–50.

### ii. Motion to strike

Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). "The function of a 12(f) motion to strike is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispending with those issues prior to trial . . . ." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010).

## III. Discussion

### i. *Defendants' motion for summary judgment on plaintiff's third, fourth, and fifth causes of action*

Defendants filed a motion for summary judgment on plaintiff's third, fourth, and fifth causes of action. (ECF No. 139). Plaintiff filed a non-opposition response. (ECF No. 148).

"The failure of an opposing party to file points and authorities in response to any motion, except a motion under Fed. R. Civ. P. 56 or a motion for attorney's fees, constitutes a consent to the granting of the motion." LR 7-2(d). Thus, defendants' motion for summary judgment on plaintiff's third, fourth, and fifth causes of action will be granted. Judgment will be entered in favor of defendants on plaintiff's causes of action for negligent entrustment, negligent hiring, and negligent training/supervision.

### ii. *Defendants' motion for summary judgment on plaintiff's request for punitive damages*

Defendants filed a motion for summary judgment on plaintiff's request for punitive damages. (ECF No. 140).

Under Nevada law,

> Except as otherwise provided in NRS 42.007, in an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, express or implied, the plaintiff, in addition to the compensatory damages, may recover damages for the sake of example and by way of punishing the defendant.

Nev. Rev. Stat. 42.005. "'Oppression' means despicable conduct that subjects a person to cruel and unjust hardship with conscious disregard of the rights of the person." Nev. Rev. Stat. 42.001(4). "'Malice, express or implied' means conduct which is intended to injure a person or

despicable conduct which is engaged in with a conscious disregard of the rights or safety of others." Nev. Rev. Stat. 42.001(3).

"'Conscious disregard' means the knowledge of the probable harmful consequences of a wrongful act and a willful and deliberate failure to act to avoid those consequences." Nev. Rev. Stat. 42.001(1). In context, conscious disregard references a "culpable state of mind" that "exceed[s] mere recklessness or gross negligence." *Countrywide Home Loans, Inc. v. Thichener*, 124 Nev. 725, 742–43 (2008).

"Whether punitive damages are appropriate and what amount is appropriate are questions reserved for the trier of fact, although the court has the responsibility to determine whether, as a matter of law, the plaintiff has offered sufficient evidence of oppression, fraud, or malice to support a punitive damages instruction." *Hester v. Vision Airlines, Inc.*, 687 F.3d 1162, 1172 (9th Cir. 2012) (citing *Wickliffe v. Fletcher Jones of Las Vegas, Inc.*, 99 Nev. 353 (1983) (*abrogated on other grounds by Countrywide Home Loans, Inc. v. Thichener*, 124 Nev. 725 (2008))); *see Terrell v. Central Wash. Asphalt, Inc.*, 168 F. Supp. 3d 1302, 1318 (D. Nev. 2016).

In *Terrell*, a truck driver caused an accident and fled the scene. 168 F. Supp. 3d at 1318. The driver was subject to hours-of-service regulations, which act in part to prevent fatigued driving. *Id.* The driver knowingly exceeded the hours-of-service regulations while driving to Las Vegas. *Id.* He attempted a dangerous passing maneuver of multiple vehicles on a two-lane highway in the dark, and caused a major accident. *Id.* He then fled the scene. *Id.* The court held that the issue of punitive damages should be submitted to the jury, as plaintiff presented sufficient evidence of "conscious disregard of the rights and safety of other motorists." *Id.*

Plaintiff's argument to support her claim for punitive damages is that defendant VanVeen failed to stop immediately after the first collision.[2] Plaintiff argues that summary judgment is improper because a dispute of fact exists as to whether VanVeen attempted to flee the scene. Defendants argue that even if VanVeen attempted to flee the scene, defendants are entitled to

---

[2] Plaintiff also cites her and her husband's belief that VanVeen was fleeing the scene. Plaintiff cites no evidence to support this belief beyond the fact that defendant did not stop *immediately* after the accident.

judgment as a matter of law unless plaintiff can demonstrate oppression, fraud, or malice, as required by NRS 42.005.[3]

Defendants are entitled to judgment as a matter of law. Assuming *arguendo* that VanVeen's failure to immediately stop constituted a brief attempt to flee the scene, this is not enough without more to support a punitive damages award in Nevada.

Here defendants offered evidence that VanVeen attempted to drive carefully and eventually pulled over on his own volition after the first collision. Plaintiff has provided no evidence to refute defendants' assertions. VanVeen claims that after the accident, he drove at a speed of 35 miles per hour. (ECF No. 152 at 7). Neither plaintiff nor her husband assert or offer any evidence that defendant VanVeen exceeded the speed limit or otherwise drove recklessly in the minutes after the initial collision. The fact that plaintiff's husband was able to re-start a stalled car and quickly catch up to the truck provides additional support for defendants' assertion that VanVeen slowed down after the first collision.

The hit-and-run cases from other jurisdictions that plaintiff relies on are factually and legally distinguishable from the instant case. (ECF No. 152 at 9–11); *see Peterson v. Henning*, 452 N.E. 2d 135 (Ill. App. 1983) (holding that evidence of defendant's failure to stop was admissible to prove negligence; no direct references to punitive damages); see also *Jones v. Cruzan*, 33 P.3d 1262 (Colo. App. 2001) (holding that a defendant's conduct of running a stop sign, driving away at seventy-plus miles per hour, and eluding a pursuing witness was relevant to plaintiff's claim for punitive damages). The cases cited by plaintiff support the proposition that a defendant's attempt to flee the scene of an accident may provide evidence of negligence. *See Peterson*, 452 N.E.2d at 138. But a brief and unsuccessful attempt to flee does not, without more, provide evidence of an intentional act involving fraud, oppression, or malice. *Cf. Terrell*, 168 F. Supp. 3d at 1318. (holding that plaintiff presented sufficient evidence of oppression, fraud, or malice when defendant knowingly violated hours-of-service regulations, attempted a dangerous passing maneuver, caused a major accident, and fled the scene).

---

[3] Defendants' motion does not admit that defendant did attempt to flee the scene. (ECF No. 140). To the contrary, VanVeen asserts that immediately after the accident he attempted to safely merge out of the center lane so that he could pull over and stop the truck. *Id.*

James C. Mahan
U.S. District Judge

Plaintiff does not offer any evidence that defendant VanVeen's post-crash driving was oppressive, fraudulent, or malicious. Instead, plaintiff relies on her assertion that evidence of failure to stop immediately at the scene of a highway accident is sufficient to support an award of punitive damages. Plaintiff's assertion does not comport with NRS 42.005.

Plaintiff has not presented any evidence of oppression, fraud, or malice in connection with defendant VanVeen's post-accident conduct. Therefore, summary judgment in favor of defendants on plaintiff's request for punitive damages is appropriate. *See Hester*, 687 F.3d at 1172; *see also Anderson*, 477 U.S. at 249–50.

### iii. Plaintiff's motion to strike

Plaintiff filed a motion to strike two of defendants' affirmative defenses. Plaintiff argues that defendants have not met Federal Rule of Civil Procedure 9(b)'s heightened pleading standard for the affirmative defense of fraud. Defendants argue that the court should not grant plaintiff's motion because plaintiff's motion is untimely and because defendants have sufficiently pleaded their affirmative defenses.

Federal Rule of Civil Procedure 9(b) reads, "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." *Id.* [Rule 9(b)] only required the identification of the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." *Walling v. Beverly Enterprises*, 476 F.2d 393, 397 (9th Cir. 1973).

Here, defendants filed their amended answer containing affirmative defenses 24 and 25 on March 24, 2016. (ECF No. 101). The affirmative defenses contain descriptions of the time, place, and circumstances surrounding the alleged fraud. These allegations are sufficient to comply with the court's March 18, 2016 order and to put plaintiff on notice of defendants' proposed theory of the case. *See Walling*, 476 F.2d at 397. Further, both parties conducted significant discovery related to the affirmative defenses. The resulting deposition testimony of Mr. Greene, amongst

others, produced evidence to support defendants' affirmative defenses.[4] Therefore, the court will deny plaintiff's motion to strike.

IV.  **Conclusion**

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that defendants' first motion for partial summary judgment (ECF No. 139) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that that defendants' second motion for partial summary judgment (ECF No. 140) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that plaintiff's motion to strike (ECF No. 141) be, and the same hereby is, DENIED.

DATED September 29, 2017.

/s/ James C. Mahan
UNITED STATES DISTRICT JUDGE

---

[4] Defendants correctly note in their response that on a motion to strike it is not the role of the court to weigh the evidence.